# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR09-4028-MWB |
| vs. | **AMENDED ORDER** |
| TONY HULSTEIN, | |
| Defendant. | |

The defendant has filed a motion (Doc. No. 91) to take the trial deposition of Bobby Smith of Guthrie, Oklahoma. He also asks permission to take the deposition by telephone to save the time and expense of traveling to Oklahoma for the deposition. According to defense counsel, Smith is undergoing cancer treatment and, therefore, is unable to travel to Iowa for the trial of this case. No affidavit from Mr. Smith was attached to the motion, and in response, the Government argues the court should require more than counsel's representation to determine whether the witness actually is unavailable pursuant to Federal Rule of Civil Procedure 15. (Doc. No. 93) Defense counsel is an officer of the court, and the court accepts as true counsel's representation that the witness is unavailable. *Cf. In re Fletcher*, 424 F.3d 783, 792 (8th Cir. 2005) (recognizing "the attorney's role as an officer of the court that granted admission").

Federal Rule of Criminal Procedure 15 provides, "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." The court finds that the witness's illness and inability to travel to Iowa for the trial are exceptional circumstances that warrant allowing the trial deposition to be taken in the interest of justice.

Rule 15 further provides that "a deposition must be taken and filed in the same manner as a deposition in a civil action. . . ." Fed. R. Crim. P. 15(e). Federal Rule of Civil Procedure 30 gives the court discretion to grant a motion requesting "that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). The court finds the defendant has shown good cause to take the witness's deposition by telephone. However, the Government argues the witness's deposition should be taken only by in-person video deposition to allow the jury to assess the witness's credibility, and to facilitate examination of the witness concerning certain exhibits. The court finds the Government's concerns may be addressed either by having the Assistant U.S. Attorney present with the witness in Guthrie, Oklahoma, during a video deposition, or by having the witness's video deposition accomplished by means of video conference.

Accordingly, the defendant's motion is **granted**, as follows. He may take the deposition of Bobby Smith for purposes of trial, and the deposition may be taken by telephone. However, if the Government desires a video deposition of the witness, the Government may make arrangements, at the Government's expense, to conduct the deposition either via video conference, or with the Government's counsel present in Guthrie, Oklahoma, with the witness. In the latter case, defense counsel will be allowed to appear by telephone for the deposition. The parties are directed to work together to accomplish the taking of the witness's deposition prior to the trial of this case.

**IT IS SO ORDERED.**

**DATED** this 3rd day of June, 2010.

*[Signature]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT