# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 09-4028-MWB |
| vs. | **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT HULSTEIN'S MOTION IN LIMINE AND MOTION FOR PRELIMINARY RULING ON EVIDENCE** |
| TONY HULSTEIN, | |
| Defendant. | <u>FILED UNDER SEAL</u> |

## *I.  INTRODUCTION*

### *A.  Background*

In a five-count Superseding Indictment (docket no. 55), handed down January 28, 2010, defendant Tony Hulstein is charged with dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), 923(a), and 924(a)(1)(D), and four counts of traveling interstate to deal firearms without a license, in violation of 18 U.S.C. § 924(n). The Superseding Indictment also includes forfeiture allegations. Hulstein's trial is set for a date certain of June 21, 2010.

### *B.  Hulstein's Motions*

Hulstein filed a Motion In Limine (docket no. 86) on May 23, 2010. In his motion, Hulstein seeks to prevent the prosecution from eliciting opinion testimony from federal agents regarding the legality of Hulstein's actions. Hulstein contends that such testimony would usurp the jury's role of assessing the evidence. Hulstein also seeks to preclude the

prosecution from offering the expert testimony of a financial analyst regarding Hulstein's alleged firearms transactions from January 2005 through April 2009. Hulstein contends that the financial analyst's projections are based on documents and records which are too vague and incomplete to provide sufficient information to establish a foundation for the testimony's admissibility at trial.

The prosecution filed a response to Hulstein's Motion In Limine on May 25, 2010, and provided the court with copies of its exhibits on June 7, 2010. The prosecution represents that it will not offer opinion testimony from any witnesses regarding whether Hulstein was dealing in firearms. The prosecution further represents that it does intend to offer testimony regarding the contents of the records seized from Hulstein's house. The prosecution asserts that this testimony will neither be opinion nor speculation but based on information garnered from specific records found at Hulstein's house.

On June 4, 2010, Hulstein filed a Motion For Preliminary Ruling On Evidence (docket no. 99). Hulstein asserts that the prosecution intends to offer portions of undercover audio recordings of conversations between himself and ATF Special Agent Zane Dodds. In his motion, Hulstein does not challenge the admissibility of these portions of the undercover recordings, but asserts that if the prosecution is permitted to offer these portions he should be permitted to have other portions of these recordings, as well as portions of other recordings between himself and Agent Dodds, not being offered by the prosecution, admitted at trial, pursuant to Federal Rule of Evidence 106.

On June 7, 2010, the prosecution filed a response to Hulstein's Motion For Preliminary Ruling On Evidence, and provided the court with copies of the audio recordings and transcripts of the portion of those recordings it intends to offer at trial. The prosecution asserts that Hulstein has failed to specify the portions of the recordings he seeks to have admitted and, only generally alleges how they explain or qualify the

2

statements the prosecution intends to offer. Accordingly, the prosecution argues that the court should deny Hulstein's motion.

## II. LEGAL ANALYSIS
### A. Hulstein's Motion In Limine
#### 1. *Opinion testimony*

Hulstein seeks to prohibit the prosecution from introducing opinion testimony from federal agents regarding whether Hulstein was dealing firearms. The prosecution indicates in its response that it has no intention of offering such opinion evidence. Therefore, this portion of Hulstein's Motion in Limine is **granted**.

#### 2. *Financial Analysis*

Hulstein also seeks to prohibit the prosecution from offering a financial analyst's projections regarding Hulstein's firearms sales because the documents and records on which the projections are based are too vague and incomplete to provide a sufficient foundation for the testimony. The prosecution counters that it intends to offer a wide array of financial records seized from Hulstein's house. These records include checks drawn on Hulstein's bank accounts, check stubs with notations indicating that the check was used to purchase firearms, shipping receipts, money order receipts for the purchase of firearms, and receipts for the purchase of firearms. The prosecution contends that the testimony it will offer concerning calculations on the number of firearms transactions Hulstein was involved in, and the amounts of money involved in those transactions, will be based on information garnered from specific records found at Hulstein's house.

Federal Rule of Evidence 702 provides that an expert may testify if it "will assist the trier of fact to understand the evidence or determine a fact in issue." FED. R. EVID. 702. "Expert evidence is unreliable if it is speculative, unsupported by sufficient facts,

3

or contrary to the facts of the case." *United States v. Bailey*, 571 F.3d 791, 803 (9th Cir. 2009). The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain evidence. *See Luce v. United States,* 469 U.S. 38, 41 n.4 (1984). Here, however, the record is too murky to permit the court to do so with respect to any expert's projections regarding Hulstein's firearms sales. The court's problem here is twofold. First, Hulstein has not pointed the court to any specific projections made by a prosecution expert witness. Second, Hulstein has not directed the court's attention to those specific documents or records which he considers too vague and incomplete to base such expert testimony. As a result, although the prosecution has supplied the court with copies of over 400 exhibits of financial documents purportedly seized from Hulstein's house, the court is unable to divine from Hulstein's motion which of these documents, in this forest of exhibits, he considers to be the basis for the expert testimony he seeks to exclude. Despite defense counsel's apparent belief to the contrary, the court does not take sojourns to the discovery file whenever a motion in limine is filed. That duty falls on counsel. The court expects the party bringing a motion in limine to actually provide the court with the pertinent evidence necessary for the court to rule on the motion. This did not occur here.[1] Thus, absent more information, the court is unable to determine pretrial whether the documents and records seized from Hulstein's house contain insufficient detail upon which to base expert testimony projections regarding

---

[1] Defense counsel in this case is not alone in failing to supply the court with the most rudimentary of materials necessary for it to rule on motions in limine. To the contrary, the court is shocked by the repeated number of times it is confronted by motions in limine in which the party bringing the motion completely fails to provide the court with the information or evidence necessary for the court to rule on the motion.

Hulstein's firearms sales. Accordingly, this portion of Hulstein's Motion in Limine is denied without prejudice to being reasserted at the time of trial.

### *B. Hulstein's Motion For Preliminary Ruling On Evidence*

The issue raised by Hulstein's Motion For Preliminary Ruling On Evidence is whether recordings or portions of undercover audio recordings of conversations between himself and ATF Special Agent Dodds, which the prosecution does not intend to offer as evidence, are nonetheless admissible pursuant to Federal Rule of Evidence 106.

Federal Rule of Evidence 106 provides:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

FED. R. EVID. 106. The Advisory Committee Notes to the rule indicate that this is a rule of completeness designed, in part, to avoid misleading impressions created by taking matters out of context. Under this rule, "[a]dditional parts of the recording can be admitted if they are necessary to '(1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding.'" *McCoy v. Augusta Fiberglass Coatings, Inc.*, 593 F.3d 737, 747 (8th Cir. 2010) (quoting *United States v. Flentge*, 151 Fed. Appx. 490, 491-92 (8th Cir. 2005) (quoting in turn *United States v. Sweiss*, 814 F.2d 1208, 1211-12 (7th Cir. 1987) (other internal quotations omitted)). "'Rule 106 applies only to writings or recorded statements, not to acts or conversations.'" *McCoy*, 593 F.3d at 747 (quoting *United States v. Gordon*, 510 F.3d 811, 816 (8th Cir. 2007). The rule has "no application where the party does not

5

introduce the document into evidence 'or inquire into it.'" *McCoy*, 593 F.3d at 747 (quoting *Gordon*, 510 F.3d at 816).

Hulstein, as the party urging admission of an excluded conversation, "must 'specify the portion of the testimony that is relevant to the issue at trial and that qualifies or explains portions already admitted.'" *United States v. Ramos-Caraballo*, 375 F.3d 797, 803 (8th Cir. 2004) (quoting *United States v. King*, 351 F.3d 859, 866 (8th Cir. 2003) (quoting *United States v. Webber,* 255 F.3d 523, 526 (8th Cir. 2001) (quoting in turn *Sweiss,* 814 F.2d at 1212) (other internal quotations omitted). Moreover, the Eighth Circuit Court of Appeals has held that Rule 106 does not "'empower[ ] a court to admit unrelated hearsay in the interest of fairness and completeness when that hearsay does not come within a defined hearsay exception.'" *Ramos-Caraballo*, 375 F.3d at 803 (quoting *United States v. Woolbright,* 831 F.2d 1390, 1395 (8th Cir. 1987)).

As was the situation above, Hulstein has failed to provide the court with the information necessary to rule on his motion. In this instance, he has failed to provide the court with complete recordings or transcripts of the conversations he wishes to have admitted under Rule 106. It is utterly unrealistic of counsel to expect the court to rule on the admissibility of recordings when those recordings appear nowhere in the record. As a result, the court cannot determine pretrial whether portions of recordings need to be admitted in order to clarify or explain the portions which will be offered by the prosecution. Moreover, since the court has not been provided with complete copies of recordings or transcripts of the conversations which Hulstein seeks to have admitted, the court cannot determine pretrial whether those conversations are admissible under some exception to the hearsay rule. Accordingly, Hulstein's Motion For Preliminary Ruling On Evidence is denied without prejudice to being reasserted at the time of trial.

### III. CONCLUSION

For the reasons stated above,

1. Defendant Hulstein's Motion In Limine is **granted** as to opinion testimony from federal agents regarding whether Hulstein was dealing firearms, but the motion is **denied without prejudice to being reasserted at the time of trial** with respect to the admissibility of financial projections regarding Hulstein's firearms sales.

2. Hulstein's Motion For Preliminary Ruling On Evidence is **denied without prejudice to being reasserted at the time of trial**.

Given the number of evidentiary issues left unresolved by the court's ruling, the parties are strongly encouraged to continue to work to resolve the evidentiary disputes they have prior to trial. The parties are advised that if they are unable to work out their evidentiary disputes, major delays in the trial will undoubtedly result. The court is unwilling to inconvenience the jurors by requiring them to wait on the sidelines while the court hashes out the disputes.

**IT IS SO ORDERED.**

**DATED** this 9th day of June, 2010.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA